UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gregoire M. Nleme,                                    Civil No. 15-470 (MJD/FLN)

        Plaintiff,
                                                     **REPORT AND**
v.                                                   **RECOMMENDATION**

Ford Motor Co.,

        Defendant.

_____

Gregoire M. Nleme, *pro se*, for Plaintiff.
Thomas Johnson and Rachelle Velgersdyk for Defendant Ford Motor Co.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 24, 2015 on Defendant Ford Motor Company's ("Ford") motion to dismiss (ECF No. 8). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Order, ECF No. 15. For the reasons set forth below, the Court recommends that Ford's motion be **GRANTED** and Plaintiff's Complaint **DISMISSED WITH PREJUDICE**.

**I. FINDINGS OF FACT**

**A.     The 2013 Complaint**

Plaintiff Gregoire Nleme worked at the St. Paul Ford plant until June 30, 2008, when he was terminated pursuant to company-wide downsizing. Compl. 11, ECF No. 1. On May 29, 2013, Plaintiff filed a *pro se* complaint against Ford in Michigan state court, which Ford later removed to the District of Minnesota on the basis of diversity jurisdiction (the "2013 Complaint"). *See* Compl., *Nleme v. Ford Motor Co.*, No. 13-cv-2118 (PAM/JJK) (D. Minn. 2013) [hereinafter *Nleme I*]. The 2013 Complaint alleged that unknown individuals at Ford defamed Plaintiff, both to potential employers and to the public at large, by implying that he harassed women and that he was a

troublemaker. *Id.* Additionally, Plaintiff alleged that after he started a new job at Thermotech in Hopkins, MN, he was informed that no one wanted to hire him because Ford told Thermotech that Plaintiff was a "person of trouble." *Id.* at 2, 3–4. Finally, Plaintiff claims he was fired as retaliation for filing discrimination complaints against Ford. *Id.* at 3. The 2013 Complaint was interpreted to allege claims of national origin discrimination, retaliation, and defamation. *See* Mem. and Order 2, *Nleme I*, ECF No. 37.

On October 12, 2013, Ford filed a motion to dismiss the 2013 Complaint in its entirety. Mot. to Dismiss, *Nleme I*, ECF No. 8. Without seeking leave of the court, Plaintiff filed an Amended Complaint (the "2013 Amended Complaint") several days before the hearing on Ford's motion. Am. Compl., *Nleme I*, ECF No. 27. Given that the 2013 Amended Complaint described Plaintiff's claims more clearly, Judge Magnuson accepted the document. *Nleme I*, ECF No. 37 at 3. Plaintiff alleged only two claims in the 2013 Amended Complaint: (1) tortious interference with prospective business opportunities and (2) defamation. *Id.* Judge Magnuson therefore determined that Plaintiff had abandoned his discrimination and retaliation claims. *Id.*

In an order dated December 5, 2013, Judge Magnuson dismissed Plaintiff's claims with prejudice, finding that Plaintiff "failed to state any claims on which relief [could] be granted." *Id.* at 7. Specifically, Judge Magnuson ruled that Plaintiff failed to plead facts related to his defamation claims with specificity and failed to sufficiently identify who at Ford made the allegedly defamatory statements. *Id.* at 6.

On January 5, 2014, Plaintiff filed a notice of appeal from the entry of judgment in his case. His notice of appeal was not sent to the Court of Appeals, however, because Plaintiff failed to pay the appellate filing fee or file an application to proceed in forma pauperis. Mem. and Order 1, *Nleme*

2

*I*, ECF No. 43. Seven months later, Plaintiff filed a motion to reopen the time to file his appeal. *Id.* at 2. The court denied Plaintiff's motion because (1) it was untimely and (2) Plaintiff did not provide any documentation to support his in forma pauperis status. *Id.* at 3.

**B.     The 2015 Complaint**

On February 2, 2015, Plaintiff filed his Complaint in the present action (the "2015 Complaint"). The 2015 Complaint, however, is substantially similar to the 2013 Complaint filed in *Nleme I.* Indeed, the allegations made in the 2013 Complaint are virtually identical to pages 8–15 of the 2015 Complaint. *Compare Nleme I*, ECF No. 1 *with* Compl. 8–15, ECF No. 1. Apart from the identical allegations made in both complaints, Plaintiff additionally claims that in 2014, he discovered that Ford made various defamatory statements to third parties, including employment recruiters. *See generally* ECF No. 1 at 6–7. Accordingly, Plaintiff brings causes of action for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, discrimination in violation of the Civil Rights Act of 1991, and discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). *Id.* at 4. Plaintiff also alleges claims for defamation under Minnesota, Michigan, and federal law. *Id.*

Ford now moves to dismiss the 2015 Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. to Dismiss, ECF No. 8. Specifically, Ford argues that Plaintiff's claims are barred by the doctrine of res judicata or, in the alternative, that Plaintiff's claims do not state a plausible claim for relief. *See generally* Mem. in Supp. of Mot. to Dismiss, ECF No. 10. In response, Plaintiff simply requests that he be allowed discovery in order to investigate his claims. *See* Resp. to Ford's Mot. to Dismiss, ECF No. 17.

## II. STANDARD OF REVIEW

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

## III. LEGAL ANALYSIS

**A.     Causes of action that were raised, or could have been raised, in *Nleme I* are barred by the doctrine of res judicata**

Ford first argues that because Plaintiff's present claims are "virtually identical in form and substance" to the claims Plaintiff made in the 2013 Complaint, the doctrine of res judicata bars

Plaintiff's current complaint. ECF No. 10 at 8.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 95 (1980); *Yankton Siox Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008). Therefore, to establish that Plaintiff's claims are barred by res judicata, Ford must show:

(1) the prior judgment was rendered by a court of competent jurisdiction;

(2) the prior judgment was a final judgment on the merits; and

(3) the same cause of action and the same parties or their privies were involved in both cases.

*Cardona v. Holder*, 754 F.3d 528, 530 (8th Cir. 2014). Here, it is clear that the first two elements of the analysis are met: Plaintiff's 2013 Complaint was filed in the District of Minnesota and dismissed with prejudice on the merits by Judge Magnuson on December 5, 2013. Judgment was entered on the same day. *Nleme I*, ECF No. 38. The only remaining question, therefore, is whether "the same cause of action" was involved in both cases.

The Eighth Circuit has determined that "a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Yankton Sioux Tribe*, 533 F.3d at 641. It is clear to the Court that the majority of Plaintiff's 2015 Complaint is virtually identical to Plaintiff's 2013 Complaint filed in *Nleme I*. Compare ECF No. 1 at 8–15 *with Nleme I*, ECF No. 1. Although Plaintiff later amended the 2013 Complaint in order to allege different causes of action (defamation and tortious interference), Judge Magnuson acknowledged that Plaintiff abandoned the claims he alleged in his original complaint that were not alleged in his amended complaint (namely, claims for discrimination and retaliation). *Nleme I*, ECF No. 37 at 3. Consequently, to the extent Plaintiff

raises claims in the 2015 Complaint that rely on the factual allegations common to the 2013 Complaint (e.g., discrimination and retaliation under Title VII of the Civil Rights Act of 1964, discrimination under the Civil Rights Act of 1991, discrimination under the ADEA, and defamation), the Court concludes that such claims arise out of the same nucleus of operative facts and either were raised, or could have been raised, in *Nleme I*. These claims are therefore barred by res judicata. *See Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001) ("Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action."); *see also Yankton Sioux Tribe*, 533 F.3d at 642.

Apart from the allegations common to both the 2015 Complaint and the 2013 Complaint, Plaintiff includes various claims for defamation that only appear in the 2015 Complaint. *See* ECF No. 1 at 6–7. For example, Plaintiff alleges that Ford communicated to third parties that Plaintiff did not "know anything" or "knew very little" about the business of vehicle operations. ECF No. 1 at 6. According to Plaintiff, he discovered this in the summer of 2014 after hearing many workers at Ceva Logistics[1] "talking about it." *Id.* Additionally, Plaintiff claims that three recruiters called him in the summer of 2014 and were "doubtful about what [Plaintiff] had mentioned on [his] resume." *Id.* Furthermore, Plaintiff alleges that Ford communicated to third parties that he was just a "reporter" when working at Ford and that he completed his own performance reviews. *Id.* at 6–7. According to Plaintiff, certain statements from his neighbor and various unnamed co-workers at Ceva Logistics suggested that Ford made these statements. *Id.* Finally, Plaintiff claims that Ford told third parties that he "dated many women" while working at Ford. *Id.* at 7. Plaintiff's 2015 Complaint

---

[1] Ceva Logistics is a company Nleme worked for following his employment with Ford.

suggests that he discovered these statements after one of his neighbors claimed Plaintiff gets his references from his "girlfriend at Ford Motor Company." *Id.*

While it is clear that all of these new allegations are based on the same general premise underlying Plaintiff's 2013 Complaint—namely, that Ford made defamatory statements about Plaintiff—a liberal interpretation of Plaintiff's current complaint suggests that these new events occurred following the dismissal of his 2013 Complaint. *See Miles v. Ertl Co.*, 722 F.2d 434, 434 (8th Cir. 1983) ("Pro se pleadings must be construed liberally."). Indeed, Plaintiff's 2015 Complaint is not entirely clear whether the newly-alleged statements were made at the same time as the facts outlined in the 2013 Complaint, or if such statements were actually made sometime after the 2013 Complaint was dismissed. However, the Court liberally construes Plaintiff's Complaint to claim that such statements took place sometime after the 2013 Complaint was dismissed and therefore could not have been raised in *Nleme I*. Accordingly, the doctrine of res judicata does not bar a new claim of defamation relating to these statements. *See, e.g.*, *Baratto v. Citizens Auto. Fin., Inc.*, No. 11-105 (MJD/LIB), 2011 WL 3678676 (D. Minn. Aug. 1, 2011) (finding that a new and separate claim that could not have been raised in the earlier action is not barred by the doctrine of res judicata); *see also Johnson v. Overnite Transp. Co.*, No. 3-92-180, 1993 WL 610755, at *3 (D. Minn. Jan. 13, 1993) (stating that each repetition of a defamatory statement constitutes a separate cause of action). The Court, therefore, will address the merits of Plaintiff's claims for defamation arising out of the events that occurred after his 2013 Complaint was dismissed.

**B.     Plaintiff's claims for defamation must be dismissed**[2]

---

[2]  Plaintiff's Complaint alleges claims for defamation pursuant to Minnesota Statutes section 609.765 and Michigan Complied Laws section 750.370. ECF No. 1 at 4. As both statutes cited by Plaintiff relate to criminal defamation, the Court interprets

Ford argues that Plaintiff's defamation claims must be dismissed because the 2015 Complaint fails to state a plausible claim for relief. ECF No. 10 at 11. The Court agrees.

"A claim for defamation must be pleaded with specificity." *Pinto v. Internationale Set, Inc.*, 650 F. Supp. 306, 309 (D. Minn. 1986). "To properly plead a claim for defamation, a plaintiff must allege that 'the defendant published a false statement of fact that concerns the plaintiff and tends to harm the plaintiff's reputation or to lower [him] in the estimation of the community.'" *Cenveo Corp. v. CelumSolutions Software GMBH & Co. KG*, 504 F. Supp. 2d 574, 578 (D. Minn. 2007) (citing *D.W. v. Radisson Plaza Hotel Rochester*, 958 F. Supp. 1368, 1381 (D. Minn. 1997)). "While it is not necessary for the complaint to recite the exact language spoken, it is necessary that the plaintiff identify who made the defamatory statement and what was said." *Id.*; *Walker v. Wanner Engineering, Inc.*, 867 F. Supp. 2d 1050, 1056 (D. Minn. 2012) ("In Minnesota, defamation claims must be pleaded with specificity, including who made the defamatory statements, to whom they were made, and where."); *see also Romero v. Buhimschi*, No. 06-10859, 2007 WL 2902896, at *5 (E.D. Mich. Sept. 28, 2007) (stating that a claim for defamation under Michigan law must be pled with specificity, including the "who, what, and when" of the defamation claim).

Plaintiff's allegations against Ford lack the specificity required under Minnesota and Michigan law. All of Plaintiff's allegations relate to statements made by unnamed individuals at Ford. *See generally* ECF No. 1 at 6–7. In each of these allegations, Plaintiff fails to set out with any detail what was allegedly said, when it was said, by whom it was said, to whom it was said, or the circumstances under which it was said. Plaintiff alleges on multiple occasions that he knows Ford

---

Plaintiff's Complaint to allege claims for defamation under Minnesota and Michigan common law.

8

made defamatory statements because he "heard many [Ceva Logistics] workers talking explicitly about it." *Id.* However, not only does Plaintiff fail to allege which specific workers at his new job were talking about his employment at Ford, he does not even indicate which specific workers at Ford made the statements in the first place. Plaintiff merely infers from certain interactions with coworkers that employees at Ford made false statements about him. This, however, is not enough to state a claim for defamation. Under both Minnesota and Michigan defamation law, Plaintiff must specifically allege who made the defamatory statement and the context surrounding the statements in order to allow the defendant to determine whether such statements may be protected by a privilege. *See Walker*, 867 F. Supp. 2d at 1056 ("The purpose of the specificity requirement for a claim of defamation is to provide sufficient specificity in order to evaluate whether a privilege applies, as well as to put defendants on notice of the scope of the defamation claim."); *see also Moore v. St. Joseph Nursing Home, Inc.*, 459 N.W.2d 100, 102 (Mich. Ct. App. 1990) (stating that Michigan recognizes an employer's qualified privilege to divulge information about a former employee to a prospective employer).

In response to Ford's motion to dismiss, Plaintiff has simply identified various individuals that Plaintiff wishes to depose to discover facts about his claims. *See generally* Resp. to Ford's Mot. to Dismiss, ECF No. 17. In other words, Plaintiff contends he is entitled to take discovery before his claims are dismissed. Plaintiff, however, is mistaken. To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "[A] complaint must contain enough fact[s] to raise a reasonable expectation that discovery will reveal evidence sufficient to flesh out a viable claim." *Triemert v. Washington Cnty.*, No. , 2013 WL 6729260, at *1 (D. Minn. Dec. 19, 2013) (citing *Butler v. Balolia*,

9

736 F.3d 609, 618 (1st Cir. 2013)). Dismissal under Rule 12(b)(6) therefore helps protect defendants from expending resources on costly discovery that is likely to be futile. *Id.* For that reason, a plaintiff is not entitled to discovery before a motion to dismiss. *Id.*; *see also Ellis v. City of Minneapolis*, 518 Fed. Appx. 502, 504 (8th Cir. 2013) (stating that "pro se litigants must still allege sufficient facts to state a plausible claim for relief").

Because Plaintiff's allegations of defamation do not indicate who specifically made the statements, when the statements were said, to whom the statements were said, or the circumstances under which the statements were made, the Court concludes that Plaintiff's claims for defamation under Minnesota and Michigan law must be dismissed.

### IV. CONCLUSION AND RECOMMENDATION

Plaintiff's claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, discrimination under the Civil Rights Act of 1991, and discrimination in violation of the Age Discrimination in Employment Act of 1967 are barred by the doctrine of res judicata, as all facts relating to such claims were included in Plaintiff's 2013 Complaint. Additionally, Plaintiff's claims for defamation under various jurisdictions' laws arising out of facts underlying his 2013 Complaint are also barred by res judicata. Finally, to the extent Plaintiff has alleged new claims of defamation arising out of facts occurring in 2014, such claims must be dismissed for failing to state a claim for which relief can be granted.

Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Ford Motor Company's motion to dismiss (ECF No. 8) be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

DATED: September 30, 2015                              *s/Franklin L. Noel*
                                                       FRANKLIN L. NOEL
                                                       United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 15, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 15, 2015,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.